Christian Keeney CA Bar No. 269533
christian.keeney@ogletree.com
Sarah E. Christenson CA Bar No. 291548
sarah.christenson@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendants
NFI Industries, Inc., National Distribution Centers, LLC (erroneously sued as National Distribution Centers, LP ), and Cal Cartage Customs Exam Station, LLC (erroneously sued as California Cartage Company)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JIMMY ESCALANTE, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>NFI INDUSTRIES, a New Jersey Corporation, doing business in California as NFI California Cartage Company; NATIONAL DISTRIBUTION CENTERS, LP, a New Jersey Limited Partnership; CALIFORNIA CARTAGE COMPANY, organization form unknown aka NFI CALIFORNIA CARTAGE COMPANY, organization form unknown; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. 5:22-cv-2175<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[*Filed concurrently with Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Sarah E. Christenson; Declaration of Sarah E. Pontoski; Notice of Related Castes; and Request for Judicial Notice*]<br><br>Complaint Filed: June 29, 2022<br>Trial Date: None Set<br>District Judge: Hon. TBD<br>Magistrate Judge: Hon. TBD |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants NFI Industries, Inc., National Distribution Centers, LLC (erroneously sued as National Distribution Centers, LP[1]), and Cal Cartage Customs Exam Station, LLC (erroneously sued as California Cartage Company) (collectively referred to as "Defendants"), jointly petition the Court to remove this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity of citizenship exists between Plaintiff Jimmy Escalante ("Plaintiff"), the amount in controversy exceeds $75,000, and the foregoing facts were true when Plaintiff filed the Complaint and remain true now.

## I.   THE STATE COURT ACTION

1.   On June 29, 2022, Plaintiff filed his Complaint against Defendants entitled "*Jimmy Escalante v. NFI Industries dba NFI California Cartage Company, et al.*" in San Bernardino County Superior Court, Case Number CIVSB2213604 ("Complaint"). Plaintiff's Complaint alleges three causes of action: (1) age discrimination in violation of FEHA; (2) age-based harassment in violation of FEHA; and (3) failure to prevent discrimination and harassment.

2.   On November 7, 2022, Plaintiff personally served Defendants with a copy of the Complaint and Summons. *See* Declaration of Sarah Pontoski ("Pontoski Decl.") at ¶ 15. A true and correct copy of the documents served on Defendants in this action, including the Summons and Complaint, are attached as "**Exhibit A**." *See* Declaration of Sarah E. Christenson ("Christenson Decl.") at ¶ 3.

---

[1] National Distribution Centers LP was converted from a limited partnership into an LLC in 2014. Accordingly, National Distribution Centers LP is now National Distribution Centers, LLC. *See* Pontoski Decl., ¶ 12.

1
Case No. 5:22-cv-2175
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

3. On December 7, 2022, Defendants filed an Answer in San Bernardino County Superior Court. A true and correct copy of the Answer is attached as "**Exhibit B**." *See* Christenson Decl. at ¶ 4.

4. Pursuant to 28 U.S.C. §§ 1446(a), 1447(b), and 1449, a true and correct copy of all pleadings served upon Defendants are attached to this Notice of Removal. *See* Christenson Decl. at ¶ 3.

## II. REMOVAL IS TIMELY

5. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

6. As set forth in Paragraph No. 2 above, Plaintiff first served Defendants with the Summons and Complaint on November 7, 2022. *See* Pontoski Decl. at ¶ 16. Because Defendants filed this Petition and Notice of Removal within 30 days of that date, removal is timely.

7. All Defendants join in and have consented to removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A); *see also* Pontoski Decl. at ¶ 19.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8. Complete diversity exists between Plaintiff and Defendants.

**A.   Plaintiff is a Citizen of California.**

9. For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For diversity purposes, an individual's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[T]he existence

of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

10. Plaintiff alleges that he worked for Defendants in the State of California. (Ex. A, Compl. at ¶¶ 1-6.) Defendant National Distribution Centers, LLC's payroll records for Plaintiff and correspondence issued to Plaintiff also indicate that throughout the relevant time period, Plaintiff lived in California. *See* Pontoski Decl. at ¶ 19.

11. Therefore, Plaintiff is, and was, a citizen of California.

### B. Defendants are Citizens of Delaware, New Jersey, Pennsylvania, and Texas.

#### 1. Defendant Cal Cartage Customs Exam Station, LLC, is a citizen of New Jersey, Pennsylvania, and Texas.

12. For removal purposes, a limited liability company ("LLC") is a citizen of all states where its members and/or owners are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13. When Plaintiff filed the Complaint and continuing through the present, Defendant Cal Cartage Customs Exam Station, LLC's sole member was California Cartage Distribution, LLC. *See* Pontoski Decl. at ¶ 4.

14. When Plaintiff filed the Complaint and continuing through the present, Cal Cartage Customs Exam Station, LLC's (erroneously sued as California Cartage Company) sole member was NFI California Cartage Holding Company, LLC. *Id.* at ¶ 5.

15. When Plaintiff filed the Complaint and continuing through the present, NFI California Cartage Holding Company, LLC's sole member was NFI, L.P. *See* Pontoski Decl. at ¶ 6. Like an LLC, the citizenship of a limited partnership is determined by the citizenship of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

///

16. There are four partners of NFI, L.P. Three of the partners are traditional trusts and one of the partners is a Delaware limited liability company, named NFI GP, LLC. (Pontoski Decl. at ¶ 8.) No partner of NFI, L.P., is a citizen of California. *Id.* at ¶ 11.

17. A trust has the citizenship of its trustee or trustees. *Johnson, supra*, 437 F.3d at 899. The Sidney R. Brown 2009 GST Exempt Family Trust Dated November 30, 2009 is formed under the laws of the state of New Jersey. (Pontoski Decl. at ¶ 9.) The two trustees, Sandra Brown and Scott Brucker, are domiciled in and citizens of Pennsylvania. *Id* at ¶¶ 9-11.

18. The Jeffery S. Brown 2015 GST Exempt Trust is formed under the laws of the state of New Jersey. *Id.* The two trustees, Daniel Cooper and Tracy Brown, are domiciled in and are citizens of Pennsylvania and New Jersey. *Id.*

19. The Irwin J. Brown 2015 GST Exempt Family Trust is formed under the laws of the state of Texas. *Id.* The trustee, Scott Brucker, is domiciled in and is a citizen of Pennsylvania. *Id.*

20. NFI GP, LLC, has three members: (1) Sidney R. Brown, who is domiciled in and is a citizen of Pennsylvania; (2) Irwin J. Brown, who is domiciled in and is a citizen of Texas; and (3) Jeffrey S. Brown, who is domiciled in and is a citizen of New Jersey. *Id.* at ¶ 10.

21. Because Plaintiff is a California citizen, and Defendant Cal Cartage Customs Exam Station, LLC is a citizen of New Jersey, Pennsylvania, and Texas, complete diversity exists between Plaintiff and Defendant now, and did so when Plaintiff filed the Complaint.[2]

/ / /

---

[2] The citizenship of "doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *Soliman v. Philip Morris Inc.*, 311 F.3d 966 (9th Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes).

## 2. Defendant National Distribution Centers, LLC, is a citizen of New Jersey, Pennsylvania, and Texas.

22. For removal purposes, a limited liability company ("LLC") is a citizen of all states where its members and/or owners are citizens. (*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).)

23. When Plaintiff filed the Complaint and continuing through the present, Defendant National Distribution Centers, LLC's[3] sole owner and member was NFI, L.P. *See* Pontoski Decl. at ¶ 13.

24. As detailed in Paragraphs 15 through 21 herein, NFI, L.P.'s partners are citizens of New Jersey, Pennsylvania, and Texas. *See* Pontoski Decl. at ¶ 7-11.

25. Because Plaintiff is a California citizen, and Defendant National Distribution Centers, LLC is a citizen of Delaware, New Jersey, Pennsylvania, and Texas, complete diversity exists between Plaintiff and Defendants now, and did so when Plaintiff filed the Complaint.

## 3. Defendant NFI Industries, Inc. is a citizen of Delaware and New Jersey.

26. For diversity purposes, a "corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business…" *See* 28 U.S.C. § 1332(c)(1). In *Hertz Corporation v. Friend, et al.*, 130 S.Ct. 1181 (2010), the United States Supreme Court adopted the "nerve center" test for determining corporate citizenship in diversity jurisdiction cases.

---

[3] Defendant National Distribution Centers, LP is an entity that no longer exists. Pontoski Decl, ¶ 10. National Distribution Centers LP was converted from a limited partnership into an LLC in 2014. *See* Pontoski Decl, ¶ 10. Accordingly, National Distribution Centers LP is now National Distribution Centers, LLC (which is diverse from Plaintiff. *See* ¶¶ 13-28 above; *see also* Pontoski Decl. ¶ 12). Federal courts have long recognized that a nominal party need not consent to removal. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013). The "nominal party exception" ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case. *Id*. Nominal parties, being neither necessary nor indispensable, are not required to join in the petition for removal. *Id*.

27. The Court determined that a corporation's "principal place of business" is the "place where a corporation's high level officers direct, control, and coordinate the corporation's activities." (*Hertz Corp.*, 130 S.Ct. at 1186.) Defendant NFI Industries, Inc., is incorporated in the State of Delaware. (Pontoski Decl., ¶ 14.) Further, Defendant NFI Industries, Inc.'s corporate officers are located in Camden, New Jersey, which is where its direction and control emanate from. *Id*. Accordingly, under the "nerve center" test, Defendant NFI Industries, Inc., is a citizen of the State of New Jersey.

28. Given the foregoing, Defendant NFI Industries, Inc., is a citizen of both New Jersey and Delaware.

**IV.   THE JURISDICTIONAL MINIMUM IS SATISFIED**

29. This Court's jurisdictional minimum of an amount in controversy over $75,000 is satisfied.[4]

30. For removal purposes the Court may look to the pleadings for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm 'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin. Services, Inc*., 75 F.3d 311, 315 (7th Cir. 1996).

31. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000. *Sanchez*

---

[4] By identifying the amount in controversy, Defendants do not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendants reserve the full right to dispute Plaintiff's claims with respect to both liability and damages.

*v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

32. Further, the removing defendant need only establish by a preponderance of evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (amount-in-controversy inquiry in the removal context is not confined to the face of the complaint). The removing defendant meets this burden if it establishes that it is "more likely than not" that the amount in controversy exceeds $75,000. *See Sanchez, supra*, 102 F.3d at pp. 403-404. As set forth below, it is more likely than not that the amount in controversy in this case exceeds $75,000.

### A. **Plaintiff Expressly Alleges More than $75,000 is in Controversy.**

33. Plaintiff's Complaint alleges that he "has had difficulty finding employment. Because it took him quite some time to find employment and stress of the circumstances that led up to and including his termination, Plaintiff experienced emotional distress due to the stress of his current situation. Plaintiff has been damaged in an amount not less than [$]750,000.00." (Complaint, ¶¶ 12, 26, 28, 37, 47.) As discussed below, the other allegations in the Complaint only further confirm the jurisdictional minimum has been satisfied.

### B. **Lost Earnings.**

34. Plaintiff seeks to recover lost earnings and specifically pleads that he "has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and /or additional amounts of money he would have received but for Defendants' unlawful conduct as alleged herein." (Ex. A, Compl. at ¶¶ 12, 39, 28, 48, and Prayer for Relief at ¶ 2.)

35. When Plaintiff was terminated in March 2022, he was a full-time, salaried employee earning $152,232.49 per year or approximately $2,927.55 per week. *See* Pontoski Decl. ¶ 18.

36. Based on the most recent Judicial Caseload Profile obtained from the United States District Courts' website (https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2022/06/30), the median time from filing to trial in a civil matter for the Central District of California is 24.2 months, which means the likely trial date in this matter is July 6, 2024. *See* Request for Judicial Notice, Ex. 1.

37. Accordingly, the amount of lost earnings in controversy here is at least **$351,306** ($2,927.55 per week multiplied by 120 weeks between when Plaintiff was terminated (March 2022, *see* Pontoski Decl. at ¶ 18) and the likely trial date of July 6, 2024).

### C. Attorney's Fees.

38. Plaintiff seeks to recover attorneys' fees. (Ex. A, Compl. at ¶¶ 30, 42, 51, and Prayer for Relief, ¶ 6.)

39. When authorized by statute, claims for attorneys' fees are properly considered in determining the amount in controversy. *Galt G/S, supra*, 142 F.3d at pp. 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

40. If Plaintiff prevails on his First, Second, and/or Third, Cause of Action, Plaintiff may recover attorneys' fees. Cal. Govt. Code § 12965(b) (courts may award attorneys' fees to "prevailing party" in FEHA actions); *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005) ("prevailing party" in FEHA action is entitled to attorneys' fees "absent circumstances that would render the award unjust"). Accordingly, Plaintiff's request for attorneys' fees is properly considered in determining the amount in controversy.

41. The Court may consider all attorneys' fees that can reasonably be anticipated to be incurred over the life of the case. *See Goldberg v. CPC International*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" should be considered for purposes of meeting the amount in controversy requirement); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While

an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal.").

42. As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons, supra*, 209 F. Supp. 2d at p. 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages").

43. Courts in this District have found an hourly rate of at least $525 for employment discrimination cases to be reasonable. *See Vysata v. Menowitz*, No. CV 18-06157 JAK RAO, 2019 WL 6138469, at *3 (C.D. Cal. June 19, 2019) (finding a rate of $575 per hour reasonable in an employment litigation matter); *Finato v. Keith Fink & Assocs.*, No. 2:16-CV-06713-RGK-AJW, 2018 WL 6978116, at *3 (C.D. Cal. Jan. 5, 2018) (finding an hourly rate of $525 per hour to be reasonable); *Andrade v Arby's Restaurant Group, Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (finding that a $550 hourly rate was reasonable); *Red v. Kraft Foods Inc.*, 680 F. App'x 597, 599 (9th Cir. 2017) (affirming award of $550 per hour).

44. Courts in this District have determined that 300 hours is a reasonable estimate for the number of hours to be expended on an employment action through trial. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding an estimate of 300 hours for an employment action through trial to be reasonable); *Melendez v. HMS Host Family Restaurants, Inc.*, No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

45. Based on the typical hourly rate for employment counsel in this District and the estimated time to litigate an employment action through trial, Plaintiff has put at least **$157,500** in attorneys' fees in controversy (300 hours x $525 per hour).

### D. **Emotional Distress.**

46. Plaintiff seeks to recover emotional distress damages. (Ex. A, Compl. at ¶¶ 28, 39, 49, and Prayer for Relief at ¶ 2.)

47. Emotional distress damages are properly considered in calculating the amount in controversy. *Simmons, supra*, 209 F. Supp. 2d at pp. 1031-35 (finding that the plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfied the amount in controversy requirement).

48. Although Plaintiff does not allocate a certain amount in his Complaint to his alleged emotional distress damages, the following cases show that in employment discrimination cases, emotional distress damages, alone, are often sufficient to satisfy the amount in controversy requirement. *Bennett v. Alaska Airlines, Inc.*, CV 14-2804 FMO RZX, 2014 WL 1715811, at *3 (C.D. Cal. April 30, 2014) (removing defendant may establish the amount in controversy by reference to jury verdicts in comparable cases):

(a) *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803 (1999) (upholding $450,000 emotional distress award in a single-plaintiff employment discrimination case where the plaintiff did not even seek treatment from a psychologist or psychiatrist and complained of only moderate symptoms, such as nightmares and stress);

(b) *Campbell v. Nat'l Passenger Railroad Corp.*, 12 Trials Digest 12th 16, 2009 WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in a wrongful termination case);

(c) *Anderson v. American Airlines*, 352 F. App'x 182, 183 (9th Cir. 2009) (upholding award of emotional distress damages for $1,000,000 in single-plaintiff employment discrimination case); and

/ / /

(d) *Betson v. Rite Aid Corp.*, 34 Trials Digest 14th 9, 2011 WL 3606913 (Super. Ct. L.A. County May 27, 2011) (awarding $500,000 for pain and suffering to employee in discrimination action).

49. Accordingly, Plaintiff has put over **$75,000** in emotional distress damages in controversy.

50. Without even accounting for the punitive damages, the total amount in controversy is at least **$583,806** as demonstrated in the chart below:

| Type of Damages/Claim | Amount in Controversy |
|---|---|
| Lost Earnings | $351,306 |
| Attorneys' Fees | $157,500+ |
| Emotional Distress | $75,000+ |
| **Total** | **$583,806+** |

### E. Punitive Damages.

51. Plaintiff seeks to recover punitive damages. (Ex. A, Compl. at ¶ 29 and Prayer for Relief at ¶ 5.) The inclusion of punitive damages further affirms that the amount in controversy requirement is met here.

52. Punitive damages are also included when determining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

53. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1359 (9th Cir. 1994). An examination of jury awards shows that punitive damages awards, alone, in employment discrimination cases often exceed the $75,000

11
Case No. 5:22-cv-2175
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

amount in controversy requirement. *Carter v. CB Richard Ellis*, 19 Trials Digest 6th 2, 2001 WL 34109371 (Orange County Superior Court) ($600,000 award of punitive damages in discrimination case).

54. Plaintiff's claim for punitive damages, alone, exceeds the requisite $75,000 amount in controversy threshold. *Hurd v. Am. Income Life Ins.*, No. CV–13–05205 RSWL–MRW, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages…in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum").

55. As noted above, Plaintiff alleges claims for punitive damages. (Ex. A, Compl. at ¶ 29, and Prayer for Relief at ¶ 5.) Therefore, the inclusion of punitive damages further affirms that the amount in controversy requirement is met here.

## V. SATISFIED OF REQUIREMENTS OF 28 U.S.C. § 1446

56. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

57. This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

58. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by **Exhibits A - B**, which are copies of all process, pleadings, and orders served on Defendant, as well as Defendant's Answer to the Complaint, which was filed in San Bernardino County Superior Court on December 7, 2022.

59. In accordance with 28 U.S.C. §1446(b), Defendant's Notice of Removal was filed by Defendants on December 7, 2022, within the 30-day period from the effective date of service of the Summons and Complaint.

60. In accordance with 28 U.S.C. §1446(d), Defendants will give written notice of the removal of this action to Plaintiff via his counsel, and file a copy of that Notice with the San Bernardino County Superior Court.

/ / /

/ / /

## VI. CONCLUSION

61. Because this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants respectfully request that this Court exercise its removal jurisdiction over this action.

In the event this Court has a question regarding the propriety of this Notice, Defendants request the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: December 7, 2022        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/Sarah E. Christenson*
    Christian Keeney
    Sarah E. Christenson
    Attorneys for Defendants
    NFI Industries, Inc., National Distribution Centers, LLC (erroneously sued as National Distribution Centers, LP), and Cal Cartage Customs Exam Station, LLC (erroneously sued as California Cartage Company)

# PROOF OF SERVICE
*Jimmy Escalante v. NFI Industries dba NFI California Cartage Company, et al.*
Case No. 5:22-cv-2175

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On December 7, 2022, I served the following document(s):

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:
☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

☐ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 7, 2022, at Costa Mesa, California.

*Pamela Blanton*
_____
Pamela Blanton

**SERVICE LIST**

| | |
|---|---|
| Jeffrey T. Gwynn, Esq.<br>Alexander J. Chang, Esq.<br>Verve Law Group, LLP<br>5841 Beach Blvd.<br>Buena Park, CA  90621<br><br>Telephone:  714-980-4450<br>Facsimile:    714-980-4451<br><br>jgwynn@vervelaw.com<br>achang@vervelaw.com | Attorneys for Plaintiff<br>Jimmy Escalante |