06/29/2022  02:55 PM  TO:19097088586  FROM:7149804451  Page: 3

Jeffrey T. Gwynn. SBN 180548
jgwynn@vervelaw.com
Alexander J. Chang, SBN 247921
achang@vervelaw.com
VERVE LAW GROUP, LLP
5841 Beach Blvd.
Buena Park, CA 90621
Tel: (714) 980-4450
Fax: (714) 980-4451

Attorneys for Plaintiff JIMMY ESCALANTE, an individual

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
June 29 AUG 1 1 2022
BY _____
CHARLENE JOHNSON, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

JIMMY ESCALANTE, an individual

Plaintiff,

v.

NFI INDUSTRIES, INC., a New Jersey Corporation, doing business in California as NFI California Cartage Company; NATIONAL DISTRIBUTION CENTERS, LP, a New Jersey Limited Partnership; CALIFORNIA CARTAGE COMPANY, organization form unknown aka NFI CALIFORNIA CARTAGE COMPANY, organization form unknown; AND DOES 1 THROUGH 10, INCLUSIVE,

Defendants.

CASE NO.: CIV SB 2213604
Action Filed:

COMPLAINT FOR DAMAGES:
1. EMPLOYMENT AGE DISCRIMINATION IN VIOLATION OF FEHA (California Government Code Section 12940 et seq.);
2. HARASSMENT ON THE BASIS OF AGE IN VIOLATION OF FEHA (California Government Code Section 12940(j));
3. FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT (California Government Code Sections 12940(j) & (k));

[JURY DEMAND]

PLAINTIFF JIMMY ESCALANTE, an individual (hereinafter "Plaintiff") hereby brings this Complaint against his former Employer, NFI INDUSTRIES, INC., a New Jersey Corporation, doing business in California as NFI California Cartage Company; NATIONAL DISTRIBUTION CENTERS, LP, a New Jersey Limited Partnership; CALIFORNIA CARTAGE COMPANY, organization form unknown aka NFI CALIFORNIA CARTAGE COMPANY, organization form unknown; AND DOES 1 THROUGH 10, INCLUSIVE (hereinafter "Defendants") and alleges as follows:

1
COMPLAINT

Jeffrey T. Gwynn. SBN 180548
jgwynn@vervelaw.com
Alexander J. Chang, SBN 247921
achang@vervelaw.com
VERVE LAW GROUP, LLP
5841 Beach Blvd.
Buena Park, CA 90621
Tel: (714) 980-4450
Fax: (714) 980-4451

Attorneys for Plaintiff JIMMY ESCALANTE, an individual

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JIMMY ESCALANTE, an individual<br><br>Plaintiff,<br><br>v.<br><br>NFI INDUSTRIES, INC., a New Jersey Corporation, doing business in California as NFI California Cartage Company; NATIONAL DISTRIBUTION CENTERS, LP, a New Jersey Limited Partnership; CALIFORNIA CARTAGE COMPANY, organization form unknown aka NFI CALIFORNIA CARTAGE COMPANY, organization form unknown; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | CASE NO.:<br>Action Filed:<br><br>**COMPLAINT FOR DAMAGES:**<br>1. **EMPLOYMENT AGE DISCRIMINATION IN VIOLATION OF FEHA** (California Government Code Section 12940 et seq.);<br>2. **HARASSMENT ON THE BASIS OF AGE IN VIOLATION OF FEHA** (California Government Code Section 12940(j));<br>3. **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT** (California Government Code Sections 12940(j) & (k));<br><br>[JURY DEMAND] |

PLAINTIFF JIMMY ESCALANTE, an individual (hereinafter "Plaintiff") hereby brings this Complaint against his former Employer, NFI INDUSTRIES, INC., a New Jersey Corporation, doing business in California as NFI California Cartage Company; NATIONAL DISTRIBUTION CENTERS, LP, a New Jersey Limited Partnership; CALIFORNIA CARTAGE COMPANY, organization form unknown aka NFI CALIFORNIA CARTAGE COMPANY, organization form unknown; AND DOES 1 THROUGH 10, INCLUSIVE (hereinafter "Defendants") and alleges as follows:

---
1
**COMPLAINT**

## JURISDICTION AND VENUE

1. This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, section 10. Moreover, on or about April 22, 2022, Plaintiff's complaint, filed with the Department of Fair Employment and Housing ("DFEH"), DFEH Matter Number202204-16776222, was closed and Plaintiff obtained an immediate Right to Sue notice pursuant to California Government Code Section 12965(b). The complaint is timely. Plaintiff brings this civil action pursuant to the Fair Employment and Housing Act under California Government Code Section 12965(b) and to related pendent claims.

2. This Court has jurisdiction over each defendant named herein because each is an individual, corporation or association which has sufficient minimum contacts with California or otherwise intentionally avails himself or itself of the markets within California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

3. Venue is proper in this Court because Defendants NFI INDUSTRIES, INC., a New Jersey Corporation, doing business in California as NFI California Cartage Company; NATIONAL DISTRIBUTION CENTERS, LP, a New Jersey Limited Partnership; CALIFORNIA CARTAGE COMPANY, organization form unknown aka NFI CALIFORNIA CARTAGE COMPANY, organization form unknown; AND DOES 1 THROUGH 10, INCLUSIVE, are and at all times mentioned herein were corporations organized and/or existing under the laws of the State of California and was doing business in the County of San Bernardino at Chino Campus, Chino, California; Redlands Distribution Center, Redlands, California, and Ontario New Balance Distribution Center, Ontario, California each are where a substantial portion of the transactions and wrongs complained of herein occurred.

## PARTIES

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1- through 10, inclusive, and therefore sues these defendants by such fictitious names until the true names and capacities of these Defendants are ascertained.

5. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants herein were, at all times relevant to this action, the agent, employee, representing partners, or joint venture of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

## FACTUAL BACKGROUND

6. From March 1, 1991 through March 18, 2022, Plaintiff was employed by Defendants, servicing in various capacities: material handler from 1991-1993; warehouse lead from 1993-1995; warehouse supervisor from 1995-1999 and operations manager from 2000-March 2022.

7. Prior to his employment termination, on or about March 18, 2022, Plaintiff received his regular performance reviews. Plaintiff received favorable reviews as demonstrated by his regular periodic rate of pay increases.

8. Plaintiff was initially hired on by Cal Cartage. Plaintiff is informed and believes that Cal Cartage was sold in October 2019. The company was in transition for two years and was officially NFI Industries on January 1, 2021. During these transition years, Plaintiff states no changes were made that affected him directly. Soon after NFI took over the company, Plaintiff was working at the New Balance building and he was asked to train a new hire. Plaintiff did so. Plaintiff was moved to the Hanes Brands Distribution Center ("DC") in Perris in March 2021, but not before Defendant hired a second younger person. Defendants then moved Plaintiff to the International Paper DC in Redlands in August 2021. It was at this facility where Plaintiff was interviewed and where the alleged harassment complained of herein took place.

9. Plaintiff, at the time of his termination, was 59 years old. Plaintiff is informed and believes that Defendants hired two additional and much younger persons, as noted above, to replace the position once filled by Plaintiff. Upon information and belief, following Plaintiff's termination, the two new hires were promoted to Director and General Manager.

10. Plaintiff has been damaged by this wrongful termination. Defendants subjected Plaintiff to arbitrary and capricious policies prior to his termination. Defendants seized upon the circumstances to push Plaintiff out of his position in order to hire two younger employees, allegedly to pay them a

substantially lower-level salary, while at the same time continue to avoid having to pay Plaintiff. Defendants did this by calling Plaintiff in to the corporate office without explanation and told to sit for an interview. This surprise interview was with 3 or 4 Directors at the Chino Campus. Later, Plaintiff had another meeting with Senior Director Shalu Reickard and Directors Jonathan Aires and Manuel Castillo, at the Colgate DC / Sister facility. This interview took place after Plaintiff trained at the Perris DC for about 6 months from March – August and was then managing the International Paper Distribution Center in Redlands.

11. Shalu Reickard said Plaintiff impressed "no one" and Plaintiff can either be demoted or terminated. Additionally, his new supervisor required Plaintiff to take on new responsibilities involving reading and interpreting financial reports. Despite earnestly studying the materials and meeting with his supervisor for the purpose of Plaintiff identifying the purpose of this new responsibility, Defendants unceremoniously criticized him for "not getting it." On information and belief, Plaintiff alleges that these actions were all concocted by Defendants as an attempt to terminate his employment. On information and belief, Plaintiff further alleges that Defendants have a custom and practice of terminating employees who fit within the "age discrimination" criteria.

12. Plaintiff had made a best effort to find comparable employment. Plaintiff has had difficulty finding employment. Because it took him quite some time to find employment and stress of the circumstances that led up to and including his termination, Plaintiff experienced emotional distress due to the stress of his current situation. Plaintiff has been damaged in an amount not less than 750,000.00.

## FIRST CAUSE OF ACTION

**(Employment Age Discrimination in Violation of FEHA – Cal. Govt. Code sections, 12940(a); 12960(d))**

13. Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 12 inclusive, as though fully set forth herein.

14. At all times herein mentioned, The FEHA, Cal. Govt. Code section 12900 et seq., was in full force and effect and was binding upon Defendants. This provision requires Defendants, and each of them to refrain from discriminating against an employee on the basis of age.

FEHA's policy against age discrimination in employment is fundamental. Within the time provided by law, Plaintiff filed his complaint with the DFEH in full compliance with the administrative requirements and received his right-to-sue letter. *Attached as Exhibit A is a true and correct copy of said letter.* Plaintiff was employed by Defendants from From March 1, 1991 through March 18, 2022.

15. At the time of Plaintiff's termination he was 59 years old and is in a group protected by the California FEHA based on his age.

16. Plaintiff had no intention of leaving his position and wanted to continue to work for Defendants until Defendants made it impossible for Plaintiff to do so. Plaintiff is informed and believes that Defendants discriminated against Plaintiff due to his age.

17. During Plaintiff's entire tenure with Defendants, Plaintiff received favorable reviews and consistently received pay increases as a result. Defendants seized upon the circumstances to push Plaintiff out of his position in order to hire younger employees, allegedly to pay them an entry level salary. Defendants did this by calling Plaintiff into the Colgate DC / Sister facility without explanation and told him to sit for an interview. Senior Director Shalu Reickard advised that he had impressed "no one" and that he can either be demoted or terminated. Manuel Castillo and Jonathan Aires were present in this meeting. Additionally, his new supervisor required Plaintiff to take on new responsibilities involving reading and interpreting financial reports. Despite earnestly studying the materials and meeting with his supervisor for the purpose of Plaintiff identifying problems, Defendants unceremoniously criticized him for "not getting it." On information and belief, Plaintiff alleges that these actions were all concocted by Defendants as an attempt to terminate his employment. On information and belief, Plaintiff further alleges that Defendants have a custom and practice of terminating employees who fit within the "age discrimination" criteria.

18. As noted above, Defendants, directly and through its employee and agent, specifically, Shalu Reickard and Manuel Castillo, discriminated against and harassed Plaintiff because of his age in violation of the California FEHA. These comments included "you impressed no one" you will be "demoted or terminated" and "you're not getting it" all in an attempt to marginalize

Plaintiff because of his age. Plaintiff was embarrassed, ashamed, and humiliated by these comments. These repeated comments always left Plaintiff believing that the upper management wanted to terminate his employment due to his age.

19. The decision to terminate Plaintiff and thereby deprive him of substantial employment benefits vested by Defendants, was motivated by the forbidden criteria of age discrimination. Furthermore, Plaintiff is informed and believes that his salary were motivating factors relied upon by Defendants in its decision to terminate Plaintiff.

20. There was no professional or business justification for Plaintiff's termination as the most recent performance review demonstrated, and the stated reason of was nonsensical and pre-textual for the true reasons and motivations, to wit: age discrimination.

21. Plaintiff is informed, believes and thereupon alleges that immediately after his Plaintiff was removed from the New Balance DC. Defendants employed two younger, lower paid employees were hired by Defendants to replace Plaintiff and perform his duties.

22. Upon information and belief, Plaintiff alleges that all material points described herein, Plaintiff was treated differently than similarly situated employees and/or otherwise was subjected to unlawful discriminatory and/or retaliatory employment practices as prohibited by the laws of California. Plaintiff is informed and believes that Defendants in engaging in the aforementioned conduct, intended to discriminate against Plaintiff on the basis of his age.

23. Defendants' policy, practice, routine and pervasive discrimination against Plaintiff and employees over the age of forty (40) causes individuals who are similarly situated as Plaintiff to be demonstrably disadvantaged by depriving these individuals from continuing gainful employment with Defendant, despite good job skills, strong work ethic, and overall good performance reviews. Furthermore, Defendants' policy and practice is not justified by any business necessity.

24. The conduct, statements, and acts described herein were an ongoing part of a continuing scheme and course of conduct of Defendants. Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was within its ability and powers to prevent, remedy, and/or correct these wrongs.

25. Defendants, based on Plaintiff's information and belief, have yet to remedy or correct the aforementioned conduct since Plaintiff's termination.

26. The conduct of Defendants created an intimidating, oppressive, hostile and offensive work environment which substantially impaired and interfered with Plaintiff's emotional well-being and ability to perform his duties.

27. Defendants, and each of them, incurred a duty to its employees to maintain a work environment that was free from discrimination on the basis of age and to hire and supervise employees in a manner likely to achieve that end. These duties were breached by Defendants and each of them. Defendants, and/or through its agents or employees, had actual knowledge of, and is strictly liable for, said acts and the damages, including punitive damages flowing therefrom.

28. As a direct and proximate consequence of Defendants' willful, knowing, and intentional discrimination against Plaintiff, as stated above, Plaintiff has suffered lost wages, benefits, future income potential in a sum as may be shown according to proof in excess of the minimum monetary jurisdiction of this Court, damage to his occupation and professional reputation (including, but not limited to, such employment related opportunities as experience in the position Plaintiff held and advancement opportunities) in a sum to be proved at trial, suffered emotional distress, mental anguish, inconvenience, humiliation, loss of enjoyment of life all to a damage in a sum as may be shown according to proof, and other general and special damages.

29. Defendants' actions were malicious, despicable, fraudulent, willful, reckless, and exhibited a conscious disregard of the rights of Plaintiff. Accordingly, Plaintiff is entitled to punitive or exemplary damages, under Civil Code Section 3294, according to proof.

30. As a further direct and proximate result of Defendants' violation of the FEHA, Plaintiff has been compelled to retain the services of counsel in an effort to enforce and realize the protections of the FEHA and the terms and conditions of his employment. Plaintiff has thereby incurred, and will continue to incur, legal fees and costs in the amount to be proven at trial. Plaintiff is entitled to, and requests herein, an award of attorneys' fees pursuant to Cal. Govt. Code. Section 12965.

## SECOND CAUSE OF ACTION
### (Harassment on the Basis of Age in Violation of FEHA – California Government Code Section 12940(j))

31. Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 31 inclusive, as though fully set forth herein.

32. At all times herein mentioned, FEHA, Government Code Section 12940(j)(1) and 12940(j)(3), was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from harassing any employee on the basis of being more than 40 years old. Within the time provided by law, Plaintiff filed a complaint with DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

33. Defendants engaged in actions to harass Plaintiff because of his age. Defendants seized upon the circumstances to push Plaintiff out of his position in order to hire two younger employees, allegedly to pay them an entry level salary, while at the same time continue to avoid having to pay Plaintiff. Defendants did this by calling Plaintiff in to the corporate office without explanation and told to sit for an interview. Human Resource advised that the had impressed "no one" and that he can either be demoted or terminated. Additionally, his new supervisor required Plaintiff to take on new responsibilities involving reading and interpreting financial reports. Despite earnestly studying the materials and meeting with his supervisor for the purpose of Plaintiff identifying problems, Defendants unceremoniously criticized him for "not getting it." On information and belief, Plaintiff alleges that these actions were all concocted by Defendants as an attempt to terminate his employment. Defendants chose to terminate Plaintiff because he was an older employee who was being paid more than his younger coworkers.

34. During Plaintiff's employment with Defendants, Defendants had a pattern and practice of harassing employees who were over the age of 40 years old. On information and belief, Plaintiff further alleges that Defendants have a custom and practice of terminating employees who fit within the "age discrimination".

35. Defendants, through their managers and supervisors, took a number of actions towards

8
COMPLAINT

Plaintiff that exhibited ageist motivations, intentions, and consciousness. Plaintiff believes and on that basis, alleges Defendants' real motivation was to terminate him because of his age. Any reasonable person in Plaintiff's circumstances would have considered the work environment created by Defendants' harassment to be hostile, intimidating, offensive, oppressive, and abusive. Plaintiff considered his work environment, at all relevant times, to be hostile, intimidating, offensive, oppressive and abusive.

36. On the basis of the above, Plaintiff believes and alleges that his age was a motivating factor in Defendants' termination of his employment. At all relevant times, Castillo and Reikerd occupied managerial positions for Defendant, had direct supervisory authority over Plaintiff, and/or directly supervised Plaintiff within the scope of their employment and authority.

37. All Defendants knew of the harassing conduct of each other towards Plaintiff and failed to take immediate and appropriate corrective action. Therefore, Defendants and each of them are responsible for each other's harassing conduct towards Plaintiff.

38. As a direct, foreseeable and proximate result of Defendants' wrongful acts of age discrimination and harassment and/or failure to act by Defendants, Plaintiff has suffered and will continue to suffer substantial general damages and emotional distress and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.

39. As a further direct and proximate result of Defendants' wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and /or additional amounts of money he would have received but for Defendants' unlawful conduct as alleged herein. Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position he held an advancement opportunities. Such damages are in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

40. As a further direct, foreseeable, and proximate result of said wrongful acts and failure to

act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

41. The above-described acts of Defendants were committed by and through their managing agents, officers, or directors. Further, such acts were carried out in a deliberate, cold, callous, fraudulent, and intentional manner, in order to injure and cause damage to Plaintiff and/or in conscious disregard of Plaintiff's rights. Such acts are despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code Section 3294. Accordingly, Plaintiff is entitled to an assessment of punitive damages against Defendants, in an amount to be proven at trial.

42. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees pursuant to California Government Code Section 12965. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

### THIRD CAUSE OF ACTION
### (Failure to Prevent Discrimination and Harassment - California Government Code Sections 12940(j) & (k))

43. Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 43 inclusive, as though fully set forth herein.

44. At all times herein mentioned, FEHA, Government Code Section 12940(h), was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from discriminating against, and or harassing, any employee based on, among other things, age discrimination or harassment. Prior to the instant Complaint, Plaintiff filed a complaint with DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

45. Plaintiff was subjected to discrimination, harassment, and retaliation due to Plaintiff's age and him protesting Defendants' unlawful conduct. Defendants seized upon the circumstances to push Plaintiff out of his position in order to hire younger employees, allegedly

to pay them an entry level salary. Defendants did this by calling Plaintiff into the corporate office without explanation and told him to sit for an interview. Human Resource advised that he had impressed "no one" and that he can either be demoted or terminated. Additionally, his new supervisor required Plaintiff to take on new responsibilities involving reading and interpreting financial reports. Despite earnestly studying the materials and meeting with his supervisor for the purpose of Plaintiff identifying problems, Defendants unceremoniously criticized him for "not getting it." On information and belief, Plaintiff alleges that these actions were all concocted by Defendants as an attempt to terminate his employment. On information and belief, Plaintiff further alleges that Defendants have a custom and practice of terminating employees who fit within the "age discrimination" criteria

46. Defendants failed to take reasonable steps to prevent the discrimination, harassment, and retaliation Plaintiff was subjected to despite Defendants' full awareness thereof. Instead, Defendants terminated Plaintiff's employment based on Plaintiff's age and his engagement in protected activities.

47. As a direct and foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial general damages and emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.

48. As a further direct and proximate result of Defendants' wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and /or additional amounts of money he would have received but for Defendants' unlawful conduct as alleged herein. Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position he held an advancement opportunities. Such damages are in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

49. As a further direct, foreseeable and proximate result of said wrongful acts and failures to

act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and metal pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

50. The above-described acts of Defendants were committed by and through their managing agents, officers, or directors. Further, such acts were carried out in a deliberate, cold, callous, fraudulent, and intentional manner, in order to injure and cause damage to Plaintiff and/or in conscious disregard of Plaintiff's rights. Such acts are despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code Section 3294. Accordingly, Plaintiff is entitled to an assessment of punitive damages against Defendants, in an amount to be proven at trial.

51. Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. Plaintiff is informed and believes that Defendants committed these actions because of their unlawful business practices in violation of California Labor Code, FEHA, and other statutes and common law provisions as alleged herein and asks for the following:

2. For compensatory damages according to proof, including lost earnings and other employee benefits, costs of seeking other employment, and damages for emotional distress, humiliation, and mental anguish;

4. For general and special damage, according to proof;

5. For punitive, exemplary and/or treble damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct;

6. For pre-judgment and post-judgment interest on all damages awarded;

6. Reasonable attorneys' fees incurred by Plaintiff in obtaining the benefits due him under the FEHA and/or as provided for under other statutory provisions set forth herein;

7. For costs of suit incurred by Plaintiff; and

8. Such other and further relief as this court deems just and proper.

DATED: June 23, 2022　　　　　　　THE VERVE LAW GROUP, LLP

By: /s/ _____
　　　Jeffrey T. Gwynn, Esq.
　　　Attorneys for Jimmy Escalante

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on each claim for relief and as against each Defendant named and to be named upon ascertainment and verification.

DATED: June 23, 2022　　　　　　　THE VERVE LAW GROUP, LLP

By: /s/ _____
　　　Jeffrey T. Gwynn, Esq.
　　　Attorneys for Jimmy Escalante